**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAOMEI CHENG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 15-73891

Agency No. A206-532-904

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Xiaomei Cheng, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Cheng's testimony and documentary evidence regarding the dates of her abortion and her divorce. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Cheng's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Cheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of this disposition, we need not reach Cheng's remaining contentions regarding corroboration or the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Cheng's claim was based on the same testimony the agency found not credible, and Cheng does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in China. *See Farah*, 348 F.3d at 1157.

We do not consider the materials Cheng references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**